# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7020 | **DATE** | 11/8/2002 |
| **CASE TITLE** | Kenneth Kovacs vs. JIM | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for appointment of counsel and answer to plaintiff's complaint is treated as a motion to dismiss. Plaintiff shall file a response by November 26, 2002, and defendant may file a reply by December 10, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 1 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | WAH | 02 NOV -8 AM 11:55 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KENNETH KOVACS,  )
                 )
    Plaintiff,   )
                 )
vs.              )  No. 02 C 7020
                 )
JIM,             )
                 )
    Defendant.   )

DOCKETED
NOV 1 2 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Kovacs filed suit alleging defamation arising from a series of communications posted on the internet by defendant Jim. Defendant filed a motion for appointment of counsel together with an application to proceed *in forma pauperis*. We treat defendant's motion as a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and give the parties the opportunity to respond or transfer the case to the United States District Court for the Western Division of Michigan pursuant to 28 USC §1406.

## BACKGROUND

The facts are taken from plaintiff's complaint. Both plaintiff and defendant were, during the relevant period, subscribers to a satellite internet provider service known as Starband. Plaintiff Kenneth Kovacs, an Illinois resident, is a software developer and consultant to the computer industry and president and sole shareholder of Kovacs Software Corporation. Kovacs developed programs to correct some deficiencies and add functionality to Starband and made these programs available on the internet where they could be

downloaded, at no cost, by any Starband subscriber.

Defendant Jim, a resident of Michigan, allegedly used AT&T Broadband Internet service to post messages to internet news groups under the alias "jjim," which were available to all of the news group's subscribers and archived for future access. These subscribers allegedly number in the tens of thousands throughout the world. On July 28, July 29 and September 12, 2002, defendant allegedly posted messages that he knew were false, accusing plaintiff of pirating software from Microsoft, thereby injuring plaintiff's business.

## DISCUSSION

In defendant's answer to the complaint he argues that this court does not have jurisdiction over him and that the proper venue would be the federal court in Michigan. While we will allow plaintiff to respond, on the face of the complaint there does not appear to be personal jurisdiction over defendant.

We have personal jurisdiction over a party only if an Illinois state court would have such jurisdiction. Michael J. Neuman & Associates, Ltd. v. Florabelle Flowers, Inc., 15 F.3d 721, 723-24 (7th Cir. 1994). The Illinois long-arm statute now authorizes jurisdiction on any basis permitted by the Illinois constitution and the United State Constitution. 735 ILCS 5/2-209(c). Due process requires that we determine whether defendant has such "minimum contacts" in Illinois that he could reasonably anticipate a suit in an Illinois court. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985).

General jurisdiction over the defendant arises only when the defendant has continuous and systematic contacts with the forum state. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). There is nothing in this case to suggest that defendant has any ongoing

contacts with the State of Illinois that would give rise to general personal jurisdiction.

Specific jurisdiction can be found when the suit in question arises from defendant's contacts in the forum state. RAR, 107 F.3d at 1277. We must find that the defendant "purposefully established minimum contacts" and then determine whether these contacts would make jurisdiction fair. Burger King, 471 U.S. at 474. Defendant must have purposefully availed himself of the benefits and protections of the laws of the forum state such that he could reasonably anticipate suit there. Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 109 (1987).

The Illinois long arm statute expressly provides that jurisdiction arises when defendant commits a tortious act within Illinois. 735 ILCS 5/2-209(a)(2). The effects doctrine provides that personal jurisdiction is proper when a defendant's intentional tortious acts are expressly aimed at the plaintiff in the forum state. Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F.Supp. 2d 824, 834 (N.D.Ill. 2000). However, an Illinois court does not acquire jurisdiction merely because an economic injury is felt in Illinois if all alleged conduct occurred outside of Illinois. *See* Turnock v. Cope, 816 F.2d 332, 334-35 (7th Cir. 1987). There must be some additional entrance into the forum or intentional injury. Donmar, Inc. v. Swanky Partners, Inc., 2002 WL 1917258, *3 (N.D.Ill. 2002).

While the Seventh Circuit has not directly addressed the issue of personal jurisdiction arising from internet use, most courts look to the "sliding scale" framework established by Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1123-24 (W.D.Pa. 1997). *See* Donmar, 2002 WL 1917258 at *3. This framework divides internet activity into three groups: (1) when defendant is clearly transacting business in foreign jurisdictions; (2) when the

defendant operates an interactive website allowing potential customers in foreign jurisdictions to communicate about goods and services; and (3) when defendant passively posts information on the internet but has no further communication with potential customers. Zippo, 952 F.Supp. at 1123-24. A passive website that does little more than make information available to interested parties does not constitute grounds for personal jurisdiction. *Id.* at 1124. *See also* Aero Products International, Inc. v. Intex Corp., 2002 WL 31109386, *5 (N.D.Ill. 2002).

On the face of the complaint defendant does not even reach the bottom level of the sliding scale. It does not appear that defendant either operates the news groups where the messages were posted or uses them to conduct any business transactions. Instead, it appears that defendant's activity consists of passively posting information to the sites while in the State of Michigan, allowing those with access to the sites to read the material. While we cannot find personal jurisdiction from the face of the complaint, we will allow plaintiff the opportunity to respond and persuade us otherwise, or transfer the case to the federal court in Michigan.

## CONCLUSION

Defendant's motion for appointment of counsel and answer to plaintiff's complaint is treated as a motion to dismiss. Plaintiff shall file a response by November 26, 2002, and defendant may file a reply by December 10, 2002.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 8, 2002.